## WARREN v. HAIN.

1. APPEAL AND ERROR—NONJURY CASE—EVIDENCE.
    On appeal from a judgment in a nonjury law case, the Supreme Court does not reverse on issues of fact unless the evidence clearly preponderates in the opposite direction.

2. LIMITATION OF ACTIONS—PAYMENT—QUESTION OF FACT—EVIDENCE.
    In nonjury action on, two promissory notes in which defendant pleaded payment and the statute of limitations where sole issue of fact raised was whether defendant had made a payment so that notes were not barred by the statute of limitations, evidence sustained trial court's finding that such payment had been made (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

---

* See 2 Comp. Laws 1929, § 8407 *et seq.*, as amended (Comp. Laws Supp. 1940, 1943, § 8408 *et seq.*, Stat. Ann. and Stat. Ann. 1943 Cum. Supp. § 17.141 *et seq.*).—REPORTER.

.Appeal from Cass; Warner (Glenn E.), J. Submitted October 4, 1945. (Docket No. 35, Calendar No. 43,118.) Decided January 7, 1946.

Assumpsit by Ida B. Warren against Harold S. Hain on two promissory notes. Judgment for plaintiff. Defendant appeals. Affirmed.

*Carl D. Mosier,* for plaintiff.

*Lewis W. James,* for defendant.

BOYLES, J. Plaintiff sued to recover a balance claimed to be due and unpaid on two promissory notes made to her by the defendant in 1918 and 1923 respectively. The notes, put in evidence, showed indorsements at various times between the date of execution up to and including 1939. The defendant, an osteopath, admitted giving the notes to plaintiff, his aunt, for money borrowed by him to help him open an office. The defendant pleaded payment and the statute of limitations.* The case was tried before the circuit judge without a jury. The only issue of fact raised was whether the defendant had made a payment on these notes in 1939. If so, the payment renewed the notes and they were not barred by the statute of limitations.

The payment alleged to have been made in 1939 was shown by the documentary evidence of indorsements made on the notes, by plaintiff's testimony, and by that of another witness. Plaintiff testified that in August, 1939, she met the defendant on the street in Cassopolis, that he had been drinking, that she asked him for some interest money, that he paid

---

* See 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 13976, Stat. Ann. 1945 Cum. Supp. § 27.605).—REPORTER.

her $10, said he was in a hurry and did not want a receipt, that she told him she would apply the money on the notes, that she endorsed $5 on one note, $2.50 on the other, and $2.50 on a third note not here involved. The notes received in evidence showed the indorsements. Her testimony was corroborated by her daughter who testified that she saw her mother and the defendant together on the street in Cassopolis, that her mother was putting some money into her pocketbook, that she said the defendant had just paid her some interest on the notes, and that the defendant was under the influence of liquor. The defendant denied having made the payment in 1939; and the deposition of a handwriting expert was received in evidence, who gave it as his opinion that the indorsements dated in 1933 and 1939 were made at the same time with the same pen and ink.

Substantially, the defense was that the plaintiff did not tell the truth and that the defendant did. The circuit judge saw the witnesses, heard the testimony, and entered judgment for the plaintiff. Appellant in his brief frankly states that the issue here is as follows:

"Now the question arises as between the plaintiff and the defendant as to who is telling the truth about the 1939 payment."

On appeal from a judgment in a law case tried by the circuit judge without a jury we do not reverse on issues of fact unless the evidence clearly preponderates in the opposite direction. The proofs fully justified the conclusions of fact, no question was raised in the circuit court as to the amount, and the judgment is affirmed.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, REID, NORTH, and STARR, JJ., concurred.